1  Christopher L. Dueringer (California Bar No. 173746)
   Alfred Shaumyan (California Bar No. 266908)
2  **BRYAN CAVE LLP**
   120 Broadway, Suite 300
3  Santa Monica, California  90401-2386
   Telephone:   (310) 576-2100
4  Facsimile:   (310) 576-2200

5

6  Attorneys for Defendant
   JPMorgan Chase Bank, N.A., as acquirer of certain assets and liabilities of
7  Washington Mutual Bank from the Federal Deposit Insurance Corporation, as
   Receiver for Washington Mutual Bank

8

## IN THE UNITED STATES DISTRICT COURT

9

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

10

11

| | |
|---|---|
| WES W. JOHNSON, also known as W. W. JOHNSON, | Case No. 2:15-cv-01338-JAK-AS |
| Plaintiff, | The Hon. John A. Kronstadt |
| vs. | **CHASE'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |
| JP MORGAN CHASE BANK N.A., aka J.P. MORGAN CHASE BANK, N.A., national banking association, UNITED SECURITY FINANCIAL CORP., a Utah corporation, WASHINGTON MUTUAL BANK, and DOES 1 through 100, including all person unknown, claiming any legal or equitable right, title, estate, lien, or interest in the property described in the complaint adverse to plaintiff's title, or any cloud upon plaintiff's title thereto, | [Fed. R. Civ. P. 12(b)(6)] |
| | [Filed concurrently with Request for Judicial Notice, Exhibits, and [Proposed] Order] |
| | Date: May 18, 2015 Time: 8:30 a.m. Courtroom: 750 |
| Defendants | Complaint Filed:  January 21, 2015 Trial Date:      None set. |

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on May 18, 2015, at 8:30 a.m., in Courtroom 750 of the United State District Court, located at 255 East Temple Street, Los Angeles, CA 90012-3332, the Honorable John A. Kronstadt presiding, defendant JPMorgan Chase Bank, N.A., as acquirer of certain assets and liabilities of Washington Mutual Bank from the Federal Deposit Insurance Corporation, as Receiver for Washington Mutual Bank ("Chase") will, and hereby does, move this Court pursuant to Federal Rule of Civil Procedure 12(b)(6), to dismiss the complaint of Plaintiff Wes W. Johnson ("Plaintiff") for failure to state a claim upon which relief can be granted.

This Motion is based on this Notice of Motion, the attached Memorandum of Points and Authorities, the concurrently filed Request for Judicial Notice, the Request for Judicial Notice Exhibits, the [Proposed] Order lodged herewith, all pleadings and papers on file in this action, and such other matters as the Court may consider. This Motion is made following Chase's counsel's unsuccessful attempts to meet and confer pursuant to Local Rule 7-3.

Dated:          March 4, 2015          Respectfully submitted,


Christopher L. Dueringer
Alfred Shaumyan
**BRYAN CAVE LLP**


By: */s/  Alfred Shaumyan*
　　　Alfred Shaumyan
　　　Attorneys for Defendant
JPMorgan Chase Bank, N.A., as acquirer of certain assets and liabilities of Washington Mutual Bank from the Federal Deposit Insurance Corporation, as Receiver for Washington Mutual Bank

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

# **TABLE OF CONTENTS**

**Page**

I.  Introduction. .......................................................................................................1

II. Plaintiff's Endless Lawsuits Against Chase Arising Out of the Same Underlying Facts and Alleged Wrongful Conduct. ..........................................2

  A.  The Current Complaint. ...........................................................................2

  B.  The Prior Federal Action. ........................................................................3

  C.  The State Court Action. ...........................................................................4

III. Standard of Review. ............................................................................................4

IV. Plaintiff's Quiet Title Action Is Time-Barred. ...................................................5

V.  Plaintiff's Quiet Title Action Is Barred By *Res Judicata.* ...............................6

VI. Plaintiff's Quiet Title Action Is Also Barred By California's Well-Established Tender Rule. ...............................................................................8

VII. Alternatively, Plaintiff's Quiet Title Action Fails Because Plaintiff Fails to State a Viable TILA Claim. ................................................................................9

  A.  Plaintiff Cannot Assert A TILA Claim against Chase Because Chase Expressly Did Not Assume Any Liability Associated With Borrower Claims Related to Loans Held By WaMu. ...............................9

  B.  Plaintiff Does Not Have Any TILA Remedies. ....................................11

  C.  Plaintiff Does Not Plead Any Facts Establishing A Plausible TILA Violation. ......................................................................................12

VIII. Conclusion. .......................................................................................................14

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

# TABLE OF AUTHORITIES

**Page**

## CASES

*Abdallah v. United Sav. Bank,*
  43 Cal. App. 4th 1101 (1996) ...................................................................8

*Aguilar v. Bocci,*
  39 Cal. App. 3d 475 (1974) .....................................................................8

*Alicea v. GE Money Bank,*
  2009 WL 2136969 (N.D. Cal. July 19, 2009)...........................................8

*Ansanelli v. JPMorgan Chase Bank, N.A.,*
  2011 WL 1134451 (N.D. Cal. March 28, 2011) ......................................10

*Arnolds Mgmt. Corp. v. Eischen,*
  158 Cal. App. 3d 575 (1984) ...................................................................8

*Ashcroft v. Iqbal,*
  129 S. Ct. 1937 (2009) .........................................................................4, 5

*Beach v. Ocwen Fed. Bank,*
  523 U.S. 410, 118 S.Ct. 1408, 140 L.Ed.2d 566 (1998)..........................11

*Bell Atl. Corp. v. Twombly,*
  127 S. Ct. 1955 (2007) .........................................................................4, 5

*Boeken v. Philip Morris USA, Inc.,*
  48 Cal. 4th 788 (2010) ............................................................................6

*Bracamontes v. Chase Home Finance, LLC,*
  2011 WL 332527 (N.D. Cal. Jan. 31, 2011)...........................................10

*Byrd v. Guild Mortg. Co.,*
  2011 WL 6736049 (S.D. Cal. 2011) ......................................................13

*Che v. Aurora Loan Servs., LLC,*
  847 F. Supp. 2d 1205 (C.D. Cal.  2012) ................................................13

*Durning v. First Boston Corp.,*
  815 F.2d 1265 (9th Cir. 1987) .................................................................5

*Hallas v. Ameriquest Mortg. Co.,*
  406 F. Supp. 2d 1176 (D. Or. 2005).......................................................11

*Johnson v. Am. Airlines, Inc.,*
  157 Cal. App. 3d 427 (1984) ...............................................................7, 8

*Johnson v. Riverside Healthcare Sys., LP,*
  534 F.3d 1116 (9th Cir. 2008) .................................................................4

*Justice v. Countrywide Home Loans, Inc.,*
  2006 U.S. Dist. LEXIS 3369 (E.D. Tenn. January 18, 2006)...................12

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

*Karlsen v. Am. Sav. & Loan Ass'n.*,
   15 Cal. App. 3d 112 (1971)..................................................................8

*King v. State of California*,
   784 F.2d 910 (9th Cir. 1986) ...........................................................11

*Lodin v. Bank of America, N.A.*,
   2014 WL 296927 (N.D. Cal. 2014)....................................................6

*Louie v. BFS Retail & Commercial Ops., LLC*,
   178 Cal. App. 4th 1544 (2009) ..........................................................6

*Marks v. Chicoine*,
   2007 U.S. Dist. LEXIS 8521 (N.D. Cal. January, 18, 2007)........12

*Meyer v. Ameriquest Mortg. Co.*,
   342 F.3d 899 (9th Cir. 2003) ...........................................................11

*Murphy v. Metrocities Mortg. LLC*,
   2011 WL 5319917 (C.D. Cal. 2011) ................................................13

*Mycogen Corp. v. Monsanta Co.*,
   28 Cal. 4th 888 (2002) ..................................................................6, 7

*Navarro v. Block*,
   250 F.3d 729 (9th Cir. 2001) .............................................................4

*Palomar Mobilehome Park Ass'n v. City of San Marcos*,
   989 F.2d 363, 364 (9th Cir. 1993)..................................................6, 8

*Pedersen v. Greenpoint Mortg. Funding, Inc.*,
   2011 WL 3818560 (E.D. Cal. Aug. 29, 2011) ..................................8

*Robertson v. Sup. Crt.*,
   90 Cal. App. 4th 1319 (2001) ............................................................5

*Rosenfeld v. JPMorgan Chase Bank, N.A.*,
   732 F. Supp. 2d 952 (N.D. Cal. Aug. 9, 2010) ..............................10

*Sneed v. Chase Home Finance, LLC*,
   2007 WL 1851674 (S.D. Cal. June 27 2007).................................11

*U.S. Cold Storage v. Great W. Sav. & Loan Ass'n*,
   165 Cal. App. 3d 1214 (1985) ...........................................................8

*Vasquez v. L.A. Cnty.*,
   487 F.3d 1246 (9th Cir. 2007) ...........................................................5

*Yelomalakis v. FDIC*,
   562 F.3d 56 (1st Cir. 2009) .............................................................10

*Zakaessian v. Zakaessian*,
   70 Cal. App. 2d 721 (1945) ...............................................................5

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

1

## **STATUTES**

2 12 C.F.R. § 226.23 ................................................................................................11

3 15 U.S.C. § 1635(a) ..............................................................................................11

4 15 U.S.C. § 1641(g) ..............................................................................................12

5 15 U.S.C. §§ 1640(e) ................................................................................10, 11, 12

6 Cal. Code Civ. Proc. § 343 ....................................................................................5

7

## **RULES**

8 Fed. R. Civ. P. 12(b)(6) .........................................................................................4

9 Fed. R. Civ. P. 8(a)(2) ...........................................................................................5

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**BRYAN CAVE LLP**
**120 BROADWAY, SUITE 300**
**SANTA MONICA, CALIFORNIA 90401-2386**

CHASE'S MOTION TO DISMISS

## Memorandum of Points and Authorities

### I.  Introduction.

This is Plaintiff's third lawsuit – and *eighth* Complaint – against Chase.  As with the two prior lawsuits, the sole purpose of this lawsuit is to impermissibly delay eviction from a vacation home in Pismo Beach on which Plaintiff stopped paying the loan *seven* years ago.

Unfazed by the fact that three courts (this Court, the California Superior Court, and the California Court of Appeal) have repeatedly determined that Plaintiff's complaints fail to plead viable claims against Chase, Plaintiff filed this action based on the same underlying facts and alleged wrongful conduct from the prior two actions. In this case, Plaintiff seeks to quiet title based on the theory that Chase improperly foreclosed on the property because Plaintiff rescinded the loan due to vague allegations of violations of the Truth in Lending Act ("TILA").  Plaintiff's current Complaint, however, like the previous seven complaints, fails to state a viable claim against Chase.

First, Plaintiff's Complaint is time-barred. Plaintiff's Complaint is time-barred because title in the property was transferred to Chase on January 2, 2009, but Plaintiff waited well over five years before filing this Complaint seeking to quiet title.

Second, Plaintiff's current action is barred by the doctrine of *res judicata.*  Plaintiff asserted identical allegations in the prior action in this Court (the "Prior Federal Action"), *Wes W. Johnson v. JP Morgan Chase Bank, N.A. et al.* (Case No. CV 09-4048 GAF).  After three rounds of motions to dismiss, Plaintiff – realizing this Court would not grant him further leave to amend – dismissed the case without prejudice.

Plaintiff, however, quickly refiled in state court (the "State Court Action"), *Wes W. Johnson et al. v. JP Morgan Chase Bank, N.A. et al.* (Case No. CV 100342).  Plaintiff's original complaint again alleged that the foreclosure of his property was improper because he rescinded the loan due to alleged TILA violations.  The state court sustained Chase's Demurrer to the Second Amended Complaint without leave to amend.  Plaintiff appealed and the California Court of Appeal affirmed the trial court's

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

1

1  ruling.  Because the current action is based on the same underlying facts and alleged

2  wrongful conduct from the prior State Court Action, Plaintiff's current Complaint is

3  barred by *res judicata* and should be dismissed with prejudice.

4  　　　Third, Plaintiff lacks standing to maintain his quiet title claim because he has not

5  alleged tender of the full amount of his indebtedness.  It is long-standing California law

6  that a party must allege tender of the full amount of the indebtedness before the party

7  can quiet title or challenge the foreclosure process.  Thus, Plaintiff's Complaint, which

8  seeks to quiet title by challenging the foreclosure process, fails because he has not

9  alleged tender of the amount due.

10  　　　Fourth, assuming Plaintiff could overcome the above hurdles, which he cannot,

11  Plaintiff's Complaint still fails because he cannot state a TILA claim against Chase.

12  Initially, Plaintiff cannot state a TILA claim against Chase because Chase expressly did

13  not assume any liability associated with borrower claims related to loans held by

14  Washington Mutual Bank.  Plaintiff also cannot state a TILA claim against Chase

15  because he has no available remedies.  Plaintiff's TILA damages claim is time-barred

16  and he cannot rescind the loan under TILA because the property is not his principal

17  dwelling.  Finally, Plaintiff's TILA claim fails because Plaintiff does not allege any facts

18  evidencing a TILA violation.

19  　　　Thus, for each of these reasons, and as explained more fully below, Chase's

20  Motion to Dismiss should be granted in its entirety <u>without leave to amend</u>.

21  **II.**　　**<u>Plaintiff's Endless Lawsuits Against Chase Arising Out of the Same</u>**

22  　　　　**<u>Underlying Facts and Alleged Wrongful Conduct.</u>**

23  　　　　**A.**　　　**The Current Complaint.**

24  　　　Plaintiff alleges that he obtained title to the property at 109 Erna Way, Pismo

25  Beach, California (the "Property") in July 2002.  (Compl. ¶ 1.)  On January 27, 2006,

26  Plaintiff allegedly obtained a refinance loan (the "Loan")from  co-defendant United

27  Security Finance Corp. ("USF").   (Compl. ¶ 6.)  While Plaintiff mentions the Deed of

28  Trust that was recorded with the Loan, he does not attach the Deed of Trust to the

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

Complaint.  (Compl. ¶ 6.)  The judicially noticeable Deed of Trust, indicates that the Loan was for $448,000.  (Request for Judicial Notice ("RJN"), Ex. A.) The Second Home Rider attached to the Deed of Trust also indicates that the Property was Plaintiff's second home.  (RJN, Ex. A, p. 24.)

Plaintiff alleges that USF assigned the Loan to co-defendant Washington Mutual Bank ("WaMu").  (Compl. ¶ 7.)  Chase allegedly acquired the Loan when it purchased certain WaMu assets and did not give Plaintiff notice of the transfer.  (Compl. ¶ 7.)

On December 18, 2008, Plaintiff allegedly sent a letter "exercise[ing] his right" to rescind the Loan based on USF's alleged failure to provide the proper TILA disclosures.  (Compl. ¶¶ 8-9.)  Plaintiff does not attach this letter to the Complaint. Plaintiff also does not allege which specific disclosures USF allegedly failed to provide. (*See* Compl. ¶ 8.)

According to Plaintiff, because he sent a letter requesting a rescission of the Loan, the Deed of Trust "became void."  (Compl. ¶ 9.)  Because the Deed of Trust was allegedly void, Plaintiff claims that Chase did not have the right to foreclose on the Property.  (Compl. ¶ 10.)

Chase foreclosed on the Property on January 12, 2009.  (Compl. ¶ 10; RJN Ex. B.)  Plaintiff claims that Chase's Trustee's Deed Upon Sale is void because Chase did not have a right to foreclose.  (Compl. ¶ 13.)

**B.     The Prior Federal Action.**

On June 5, 2009, Plaintiff filed a similar lawsuit against Chase in this Court. (RJN, Ex. C.)  In the original Complaint, Plaintiff alleged, among other allegations, that Chase "violated the Truth in Lending Act ("TILA") 15 U.S.C. 1631 *et. seq.*, including, but not limited to, 15 U.S.C. § 1635 and 12 C.F.R. 226.23."  (RJN, Ex. C, ¶ 2; *see also* ¶¶ 34-37.)  Identical to the current Complaint, Plaintiff alleged that he rescinded the Loan, but Chase improperly foreclosed on the Property.  (RJN, Ex. C, ¶¶ 16-18, 85-96.) Plaintiff also asserted a specific cause of action for quiet title.  (RJN, Ex. C, ¶¶ 78-84.) After three rounds of motions to dismiss, Plaintiff dismissed the case without

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

3

1    prejudice.  (RJN, Ex. D.)

2          **C.     The State Court Action.**

3          The day before this Court dismissed Plaintiff's Prior Federal Action, he filed the

4    State Court Action.  (RJN, Ex. E.)  Plaintiff again alleged that Chase violated TILA

5    because it foreclosed after Plaintiff sent the letter requesting rescission of the Loan.

6    (RJN, Ex. E, ¶¶ 16-23, 71-86.)

7          In response to Chase's demurrer, Plaintiff filed a First Amended Complaint.

8    (RJN, Ex. F.)  The First Amended Complaint asserted causes of action for quiet title,

9    wrongful foreclosure, and cancellation of instrument.  (RJN, Ex. F.)  The Court

10   sustained Chase's Demurrer to the First Amended Complaint with leave to amend.

11   (RJN, Ex G.)

12         Plaintiff filed a Second Amended.  (RJN, Ex. H.)  Plaintiff again asserted causes

13   of action for quiet title, wrongful foreclosure, and cancellation of instrument.  (*Id.*)

14   While Plaintiff did not specifically assert a TILA claim, he alleged that Chase's

15   foreclosure was invalid because Chase "fraudulently obtained title" due to the fact that

16   the "Deed of Trust on which Chase alleged the Trustee's Deed was based had been

17   voided by notices of rescission, dated 18 December 2008."  (RJN, Ex. H, ¶ 8.)  The

18   court granted Chase's Demurrer to the Second Amended Complaint without leave to

19   amend.  The California Court of Appeal recently affirmed the trial court's order in an

20   unpublished decision.  (RJN, Ex. G.)

21   **III.   Standard of Review.**

22         Motions to dismiss pursuant to Rule 12(b)(6) test the legal sufficiency of the

23   complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001); Fed. R. Civ. P. 12(b)(6).

24   "To survive a motion to dismiss, a complaint must contain sufficient factual matter,

25   accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*,

26   129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1974

27   (2007)); see also *Johnson v. Riverside Healthcare Sys.*, LP, 534 F.3d 1116, 1121-22 (9th Cir.

28   2008) ("A Rule 12(b)(6) dismissal may be based on either a 'lack of a cognizable legal

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

1   theory' or 'the absence of sufficient facts alleged under a cognizable legal theory.'").

2   "Threadbare recitals of the elements of a cause of action, supported by mere

3   conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1949; *Twombly*, 127 S. Ct. at

4   1959 (Mere "labels and conclusions" and/or "formulaic recitation[s] of the elements of

5   a cause of action" will not suffice to overcome a motion to dismiss. (Citations

6   omitted)). Rather, the "[f]actual allegations must be enough to raise a right to relief

7   above the speculative level . . . ." *Twombly*, 127 S. Ct. at 1959.  Moreover, to comply

8   with Rule 8(a)(2), a complaint must be "plausible on its face." *Twombly*, 550 U.S. at 570.

9   "Determining whether a complaint states a plausible claim for relief will . . . be a

10  context-specific task that requires the reviewing court to draw on its judicial experience

11  and common sense." *Iqbal*, 556 U.S. at 679.

12       In determining whether a complaint states a plausible claim for relief, the court

13  can consider documents and facts subject to judicial notice and should disregard

14  allegations contradicted by exhibits to the complaint, documents incorporated by

15  reference, or by judicially noticed facts.  *Durning v. First Boston Corp.*, 815 F.2d 1265,

16  1267 (9th Cir. 1987).

17       Finally, a court may dismiss claims without granting leave to amend if amending

18  the complaint would be futile. *Vasquez v. L.A. Cnty.*, 487 F.3d 1246, 1258 (9th Cir.

19  2007) ("Granting Vasquez leave to amend would have been futile, and we hold that the

20  district court did not err in preventing such futility.")

21  **IV.   Plaintiff's Quiet Title Action Is Time-Barred.**

22       "Ordinarily a suit to set aside and cancel a void instrument is governed by

23  section 343 of the Code of Civil Procedure." *Robertson v. Sup. Crt.*, 90 Cal. App. 4th

24  1319, 1326 (2001) (quoting *Zakaessian v. Zakaessian*, 70 Cal. App. 2d 721, 725 (1945)).

25  Plaintiff's quiet title action, which seeks to cancel the Trustee's Deed Upon sale and the

26  Deed of Trust is therefore generally subject to a four-year statute of limitations.  Code

27  Civ. Proc. § 343.  However, "actions relating to *either* the possession of *or* title to real

28  property (or, of course, both) must be commenced within five years from the end of

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

possession or seizing of that property by the claimant or his or her predecessor in interest…." *Id.* at 1328 (emphasis in original).

In the present case, under either the four-year or five-year statute of limitations, Plaintiff's claim is time-barred because title in the property was transferred to Chase on January 2, 2009, but Plaintiff waited well over five years before filing the Complaint on January 26, 2015.  Plaintiff cannot cure this defect.  Accordingly, Plaintiff's Complaint is untimely as a matter of law and should be dismissed.

## V.   <u>Plaintiff's Quiet Title Action Is Barred By *Res Judicata.*</u>

"If the former judgment is a state court judgment, the [c]ourt applies the res judicata and collateral estoppel rules of the state." *Lodin v. Bank of America, N.A.*, 2014 WL 296927, * 2 (N.D. Cal. 2014) ; *Palomar Mobilehome Park Ass'n v. City of San Marcos*, 989 F.2d 363 (9th Cir. 1993) ).  The elements for applying the doctrine of *res judicata* or claim preclusion are: "(1) A claim or issue raised in the present action is identical to a claim or issue litigated in a prior proceeding; (2) the prior proceeding resulted in a final judgment on the merits; and (3) the party against whom the doctrine is being asserted was a party or in privity with a party to the prior proceeding." *Boeken v. Philip Morris USA, Inc.*, 48 Cal. 4th 788, 797 (2010).

"*Res judicata'* describes the preclusive effect of a final judgment on the merits. *Res judicata*, or claim preclusion, prevents relitigation of the same cause of action in a second suit between the same parties or parties in privity with them." *Mycogen Corp. v. Monsanta Co.*, 28 Cal. 4th 888, 896 (2002).  Under California law, "*res judicata* generally precludes parties or their privies from litigating in a second lawsuit issues that were or could have been litigated in a prior suit." *Louie v. BFS Retail & Commercial Ops., LLC*, 178 Cal. App. 4th 1544, 1554 (2009).  "A clear and predictable *res judicata* doctrine promotes judicial economy.  Under this doctrine all claims based on the same cause of action must be decided in a single suit; if not brought initially, they may not be raised at a later date.  *Res judicata* precludes piecemeal litigation by splitting a single cause of action or relitigation of the same cause of action on a different legal theory or for

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

6

different relief." *Mycogen*, 28 Cal. 4th at 897 (citations omitted). "A predictable doctrine of *res judicata* benefits both the parties and the courts because it 'seeks to curtail multiple litigation causing vexation and expense in judicial administration.'" *Id.*

Under California law, it is irrelevant whether "the 'causes of action' in [the second] suit are 'distinct and different' from those in the [first] lawsuit.*" Johnson v. Am. Airlines, Inc.*, 157 Cal. App. 3d 427, 432 (1984). As the court pointed out in *Johnson*, this argument "has been considered before by the courts of this state, and rejected." *Id.* "California's *res judicata* doctrine is based on the primary right theory." *Mycogen*, 28 Cal. 4th at 904. "While it is true that *res judicata* will only bar relitigation of the same cause of action by the same parties, the question of whether a cause of action is identical for purposes of *res judicata* depends not on the legal theory or label used, but on the 'primary right' sought to be protected in the two actions. The invasion of one primary right gives rise to a single cause of action." *Johnson*, 157 Cal. App. 3d at 432. "Moreover, the 'cause of action' is based on the harm suffered, as opposed to the particular theory asserted by the litigant." *Id.* "Even where there are multiple legal theories upon which recovery might be predicated, one injury gives rise to only one claim for relief. Hence a judgment for the defendant is a bar to a subsequent action by the plaintiff based on the same injury to the same right, even though he presents a different legal ground for relief." *Id.* (citations omitted).

Here, Plaintiff's State Court Action was predicated on allegations regarding wrongful foreclosure of the Property. (*See* RJN, Exs. E, F, H.) In the State Court Action, the court sustained Chase's Demurrer <u>without leave to amend</u>. (RJN Ex. G.) Now, Plaintiff has filed the current action against Chase, under the same Deed of Trust, challenging the same Trustee's Deed Upon Sale, with respect to the same property, claiming the same injury (*i.e.*, wrongful foreclosure) and requesting the same relief, quiet title. It does not matter that Plaintiff brings a different legal ground for relief—quiet title claim based on TILA violations—because the same injury is alleged. Thus, because there was a final determination against Plaintiff in the State Court

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

1   Action, Plaintiff's current Complaint, is barred by the doctrine of *res judicata*.  *Johnson*,

2   157 Cal. App. 3d at 432; *Palomar Mobilehome Park Ass'n*, 989 F.2d at 364  ("In California,

3   a judgment entered after the sustaining of a general demurrer is a judgment on the

4   merits, and, to the extent that it adjudicates that the facts alleged do not establish a

5   cause of action, it will bar a second action on the same facts.")  Plaintiff cannot cure

6   this defect.  Accordingly, Chase's Motion to Dismiss should be granted <u>without leave</u>

7   <u>to amend</u>.

8   **VI.   <u>Plaintiff's Quiet Title Action Is Also Barred By California's Well-</u>**

9   **<u>Established Tender Rule.</u>**

10   Plaintiff cannot quiet title, without repaying the money that was borrowed.  A

11   trustor cannot "quiet title without discharging his debt.  The cloud upon his title

12   persists until the debt is paid." *Aguilar v. Bocci*, 39 Cal. App. 3d 475, 477 (1974);

13   *Pedersen v. Greenpoint Mortg. Funding, Inc.*, 2011 WL 3818560, *13 (E.D. Cal. Aug. 29,

14   2011) ("Tender of the indebtedness is required to quiet title in California.").

15   Moreover, it is an absolute requirement that a plaintiff asserting a challenge to

16   the foreclosure process plead tender of the amount due and owing under the loan.  The

17   tender requirement applies to "any cause of action for irregularity in the sale

18   procedure." *Abdallah v. United Sav. Bank*, 43 Cal. App. 4th 1101, 1109 (1996) (affirming

19   sustaining of demurrer without leave to amend); *U.S. Cold Storage v. Great W. Sav. &*

20   *Loan Ass'n*, 165 Cal. App. 3d 1214, 1225 (1985) (affirming judgment of nonsuit as a

21   result of plaintiff's failure to first make a full tender); *Alicea v. GE Money Bank*, 2009 WL

22   2136969, *3 (N.D. Cal. July 19, 2009) (emphasis added).  "To hold otherwise would

23   permit plaintiffs to state a cause of action without the necessary element of damage to

24   themselves." *Arnolds Mgmt. Corp. v. Eischen*, 158 Cal. App. 3d 575, 580 (1984) (affirming

25   the sustaining of a demurrer without leave to amend on claims of wrongful foreclosure,

26   fraud and negligence relating to foreclosure sale.); *see also Karlsen v. Am. Sav. & Loan*

27   *Ass'n.*, 15 Cal. App. 3d 112, 121 (1971) (holding plaintiff's claims for breach of oral

28   agreement, accounting, and constructive trust fail because plaintiff never made a valid

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

1  tender).

2      Here, Plaintiff is seeking to quiet title by challenging the foreclosure. (Compl.

3  ¶¶ 9-13.)   Yet nowhere does Plaintiff properly allege tender of the full amount owed.

4  (*See generally* Compl.)  Absent an effective and valid tender of the full amount owed, this

5  Motion to Dismiss should be granted.

6  **VII.   Alternatively, Plaintiff's Quiet Title Action Fails Because Plaintiff Fails to**

7       **State a Viable TILA Claim.**

8       **A.   Plaintiff Cannot Assert A TILA Claim against Chase Because Chase**

9            **Expressly Did Not Assume Any Liability Associated With Borrower**

10           **Claims Related to Loans Held By WaMu.**

11     Plaintiff cannot state any TILA claim against Chase because Chase expressly did

12 not assume any liability associated with borrower claims on "any loan made by a third

13 party in connection with a loan which is or was held by" WaMu.  On September 25,

14 2008, the Office of Thrift Supervision closed WaMu and appointed the FDIC as

15 receiver.  On the same date, Chase entered into a purchase and assumption agreement

16 with the FDIC acting in its corporate capacity as well as receiver for WaMu.  (RJN, Ex.

17 M.)  This agreement is a matter of public record because the FDIC is a governmental

18 entity.  Under Section 2.5 of the Purchase and Assumption Agreement ("P&A

19 Agreement"), Chase did not assume liability for borrower claims related to loans or

20 commitments to lend made by WaMu:

21       2.5   **Borrower Claims**. Notwithstanding anything to the contrary in
         this Agreement, any liability associated with borrower claims for payment
22       of or liability to any borrower for monetary relief, or that provide for any
         other form of relief to any borrower, whether or not such liability is
23       reduced to judgment, liquidated or unliquidated, fixed or contingent,
         matured or unmatured, disputed or undisputed, legal or equitable, judicial
24       or extra-judicial, secured or unsecured, whether asserted affirmatively or
         defensively, **related in any way** to any loan or commitment to lend
25       made by the Failed Bank (WaMu) prior to failure (September 25, 2008),
         or **to any loan made by a third party in connection with a loan**
26       **which is or was held by the Failed Bank, or otherwise arising in**
         **connection with the Failed Bank's lending or loan purchase**
27       **activities are specifically not assumed by the Assuming Bank**
         **(Chase)**.

28

1  (*Id.*) (Emphasis added.)

2  Thus, by the plain terms of the P&A Agreement, Chase "is not responsible for

3  any liability of WaMu related to loans made by WaMu prior to September 25, 2008, the

4  date of assumption…." *Ansanelli v. JPMorgan Chase Bank, N.A.*, 2011 WL 1134451

5  (N.D. Cal. March 28, 2011) (interpreting the P&A Agreement); *Bracamontes v. Chase*

6  *Home Finance, LLC*, 2011 WL 332527 (N.D. Cal. Jan. 31, 2011) (holding plaintiff could

7  not state a claim against Chase for any claims arising out of a mortgage that Chase

8  acquired through the P&A Agreement); *Rosenfeld v. JPMorgan Chase Bank, N.A.*, 732 F.

9  Supp. 2d 952 (N.D. Cal. 2010).

10  Moreover, courts have uniformly held that the FDIC (not Chase) retained

11  liability for borrower claims relating to WaMu's loans.  For example, in denying a

12  plaintiff's motion to substitute Chase as a party in a lawsuit originally brought against

13  WaMu, the U.S. Court of Appeals for the First Circuit held that the FDIC was the real

14  party in interest:

15  When Washington Mutual failed, JP Morgan acquired many assets but its
agreement with the FDIC retains for the FDIC any liability associated

16  with borrower claims for payment or any liability to any borrower for
monetary relief, or that provide for any other form of relief to any

17  borrower's.  Thus, the FDIC was and remains the appropriate party in
interest.

18

19  *Yelomalakis v. FDIC*, 562 F. 3d 56, 60 (1st Cir. 2009).

20  Here, Plaintiff alleges that he obtained the Loan from co-defendant USF.

21  (Compl. ¶ 6.)  USF allegedly failed to provide the proper TILA disclosures.  (Compl.

22  ¶ 8.) Plaintiff then alleges that USF assigned the Loan to co-defendant WaMu and

23  Chase allegedly acquired the Loan when it purchased certain WaMu assets.  (Compl. ¶

24  7.)  However, because Chase expressly did not assume any liability associated with

25  borrower claims related to loans held by WaMu, Plaintiff cannot assert a TILA claim

26  against Chase.  Plaintiff cannot cure this defect.

27

28

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

### B.     Plaintiff Does Not Have Any TILA Remedies.

**Plaintiff cannot assert a claim for damages because it is time-barred.**  The time period to bring an action under TILA for damages is one year from the date of the violation.  15 U.S.C. §§ 1640(e); *Hallas v. Ameriquest Mortg. Co.*, 406 F. Supp. 2d 1176, 1183 (D. Or. 2005) ("TILA requires that any claim [for damages] based on an alleged failure to make material disclosures be brought within one year from the occurrence of the violation.")  The date of the violation refers to the date "the loan documents were signed."  *Meyer v. Ameriquest Mortg. Co.*, 342 F.3d 899, 902 (9th Cir. 2003); see also *King v. State of California*, 784 F.2d 910, 913 (9th Cir. 1986) (limitation period begins to run on the "date of the consummation of the transaction or upon the sale of the property, whichever occurs first").  Plaintiff signed his loan documents in January 2006.  (Compl. ¶ 6; RJN, Ex. A.)  The time period for Plaintiff to bring a TILA claim for damages expired in January 2007.  *See* 15 U.S.C. § 1640(e); *Meyer*, 342 F.3d at 902.  Because Plaintiff did not file this Complaint until January 26, 2015, Plaintiff's claim for TILA damages is time-barred and should be dismissed.

**Plaintiff cannot rescind the loan because the Property is not his principal dwelling.**  TILA only allows a borrower to rescind a loan on property "which is used as the principal dwelling of the person to whom credit is extended."  15 U.S.C. § 1635(a); 12 C.F.R. § 226.23; *Beach v. Ocwen Fed. Bank*, 523 U.S. 410, 411, 118 S.Ct. 1408, 140 L.Ed.2d 566 (1998) ("Under the Truth in Lending Act, 82 Stat. 146, 15 U. S. C. § 1601 *et seq.*, when a loan made in a consumer credit transaction is secured by the borrower's principal dwelling, the borrower may rescind the loan agreement if the lender fails to deliver certain forms or to disclose important terms accurately." (emphasis added)); *Sneed v. Chase Home Finance, LLC*, 2007 WL 1851674 (S.D. Cal. June 27 2007) ("Plaintiff has not alleged what her relationship to the properties in question was. On the face of the complaint it is obvious none of the properties is her residence, as would be required to invoke a consumer's right to rescind.")

Here, not surprisingly Plaintiff does not allege that the Property is his principal

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

1   dwelling.  (*See generally*, Compl.)  Plaintiff does not allege that the Property is his

2   principal dwelling because the judicially noticeable Deed of Trust indicates that the

3   Property was Plaintiff's second home when Plaintiff obtained the Loan. (RJN, Ex. A, p.

4   24.)  Plaintiff therefore cannot rescind the Loan under TILA.

5       **C.    Plaintiff Does Not Plead Any Facts Establishing A Plausible TILA**

6           **Violation.**

7           A TILA claim is properly subject to dismissal where the plaintiff does not allege

8   "how [the] defendants violated the various statutes and regulations," and "does not

9   give the defendant fair notice of what the plaintiff's claim is and the grounds upon

10  which it rests." *Marks v. Chicoine*, 2007 U.S. Dist. LEXIS 8521, at *20 (N.D. Cal.

11  January, 18, 2007).  To state a valid claim for violation of TILA, the plaintiff must

12  specifically plead the details of his or her loan, the disclosures accompanying the loan

13  that the plaintiff believes were improper, and how the disclosures were deficient.  *Id.*

14  "Mere recitation of statutory language, absent supporting allegations, is not sufficient to

15  state a claim [under TILA]." *Justice v. Countrywide Home Loans, Inc.*, 2006 U.S. Dist.

16  LEXIS 3369, at *5 (E.D. Tenn. January 18, 2006).

17          Here, Plaintiff merely alleges that in "November and early December 2008, he

18  reviewed the disclosed he received at origination "and determined that they did not

19  satisfy the requirements [of] Regulation Z … and 15 U.S.C., sec. 1601 *et seq.*, specifically

20  sec. 1635(a)." (Compl. ¶ 8.)  This allegations is insufficient because Plaintiff does not

21  allege any facts evidencing why the disclosures "did not satisfy" the TILA disclosure

22  requirements.  Plaintiff's TILA claim therefore fails.

23          Moreover, Plaintiff cannot assert a Section 1641(g) claim based on Chase's

24  alleged failure to provide notice when it obtained the loan from WaMu.  First, the claim

25  is time-barred by the one-year statute of limitations in Section 1640(e). Chase allegedly

26  acquired the Loan when it purchased certain WaMu assets in September 2008.  (Compl.

27  ¶ 7.)  Plaintiff therefore had until September 2009 to sue Chase for alleged violations

28  of Section 1641(g).  Plaintiff, however, waited until January 2015 to file this lawsuit

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

1  against Chase.  His Section 1641(g) claim is therefore time-barred.

2      Plaintiff's Section 1641(g) claims also fails because Plaintiff does not allege any

3  facts evidencing  actual damages.  A plaintiff must allege actual damages to recover

4  statutory damages under Section 1641(g).  *Byrd v. Guild Mortg. Co.,* 2011 WL 6736049, at

5  *5 (S.D. Cal. 2011) (no valid claim under 15 U.S.C. § 1641(g) where the plaintiff fails to

6  allege that he or she suffered any actual damages or incurred any finance charges

7  related to the failure to provide notice); *Murphy v. Metrocities Mortg. LLC*, 2011 WL

8  5319917 *2 n. 2 (C.D. Cal. 2011) ("The court notes that even if Plaintiff's TILA claim

9  were timely, she has not alleged any actual damages resulting from Central Mortgage's

10  failure to provide notice of the assignment.").  The actual damages requirement under

11  TILA is not met when the claimed damages are speculative.  *Che v. Aurora Loan Servs.,*

12  *LLC*, 847 F. Supp. 2d 1205 (C.D. Cal.  2012).

13      Here, Plaintiff does not (and cannot) plead any actual damages from Chase's

14  alleged failure to provide notice.  (*See generally* Compl.)  This Court should therefore

15  dismiss Plaintiff's Section 1641(g) claim.

16  ///

17  ///

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

**VIII.  <u>Conclusion.</u>**

This is Plaintiff's eighth failed attempt in three lawsuits to assert a claim against Chase.  Most of the defects in his present complaint are fatal and cannot be cured by any amendment.  Plaintiff is using both state and federal courts to further his improper goals.  In the process he is wasting valuable judicial resources and causing Chase to expend sums to defend against his frivolous lawsuits.  For the foregoing reasons, Chase's Motion to Dismiss should be granted without leave to amend because there is no possibility of credible amendment.

Dated:          March 4, 2015              Respectfully submitted,
                                           Christopher L. Dueringer
                                           Alfred Shaumyan
                                           **BRYAN CAVE LLP**


                                           By:<u>/s/  Alfred Shaumyan</u>
                                                Alfred Shaumyan
                                                Attorneys for Defendant
                                           JPMorgan Chase Bank, N.A., as acquirer of
                                           certain assets and liabilities of Washington
                                           Mutual Bank from the Federal Deposit
                                           Insurance Corporation, as Receiver for
                                           Washington Mutual Bank

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

**PROOF OF SERVICE**

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 120 Broadway, Suite 300, Santa Monica, California 90401-2386.

On March 4, 2015, I served the foregoing document, described as **CHASE'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF,** on each interested party in this action, as follows:

James H. Seymour, Esq.                          *Attorneys for Plaintiff*
Post Office Box 1757
Crystal Bay, NV 89402
Tel.:    (650) 323-7226
Fax:

☒        (VIA U.S. MAIL)  I placed the original of the foregoing document in a sealed envelope addressed to each interested party as set forth above. I placed each such envelope, with postage thereon fully prepaid, for collection and mailing at Bryan Cave LLP, Santa Monica, California. I am readily familiar with Bryan Cave LLP's practice for collection and processing of correspondence for mailing with the United States Postal Service. Under that practice, the correspondence would be deposited in the United States Postal Service on that same day in the ordinary course of business.

☐        (BY OVERNIGHT CARRIER):  I deposited in a box or other facility maintained by FedEx, Overnite Express or other express carrier service, or delivered to a courier or driver authorized by said express carrier service to receive documents, a true copy of the foregoing document, in an envelope designated by said express service carrier, for overnight delivery, with delivery fees paid or provided for.

☐        (VIA FAX)  I caused a true copy of the foregoing document to be served by facsimile transmission from sending facsimile machine telephone number (310) 576-2200 to each interested party at the facsimile number set forth above. Each transmission was reported as complete and without error. A transmission report was properly issued by the sending facsimile machine for each interested party served.

☒        (FEDERAL ONLY)  I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on March 4, 2015, at Santa Monica, California.

Robert Toombs

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

SM01DOCS\1080635.1